# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA COLEMAN-HILL, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| v. | : | No.:   09-cv-5525 |
| | : | |
| GOVERNOR MIFFLIN SCHOOL DISTRICT, | : | |
| | : | |
|     Defendant. | : | |

## MEMORANDUM AND ORDER

**LYNNE A. SITARSKI**      November 4, 2010
**UNITED STATES MAGISTRATE JUDGE**

Presently before the Court is Defendant Governor Mifflin School District's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 45 (Doc. No. 15). Plaintiff Andrea Coleman-Hill has opposed this motion (Doc. No. 17). The Court held oral argument on October 8, 2010.[1]

Defendant's Motion for Sanctions arises out of the conduct of Plaintiff's counsel, Robin J. Gray, Esq. As will be detailed herein, in her zeal to build her client's case, Ms. Gray circumvented the Rules of Civil Procedure, and resorted to "self-help" in order to resolve a perceived deficiency in Defendant's discovery responses. Perhaps most disturbingly, Ms. Gray did so because she presumed that the Court was without authority and/or inclination to enforce the Rules of Civil Procedure to rectify perceived deficiencies in Defendant's discovery response.

As more fully set forth herein, Defendant's Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] This motion was referred to me for disposition by Judge C. Darnell Jones by Order dated September 17, 2010. (Doc. No. 18).

I.       **FACTS**

The underlying action involves alleged racial discrimination against Plaintiff Andrea Coleman-Hill ("Plaintiff") by her employer, Defendant Governor Mifflin School District ("the District").  Plaintiff alleges that the District's superintendent, Dr. Mary T. Weiss, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, by mistreating Plaintiff on account of her race.

In the course of discovery, Ms. Gray served Requests for Production of Documents on the District's counsel, Jonathan P. Riba, Esq., and conducted depositions.  The Document Requests directed to Defendant were pursued in an unorthodox fashion.  At least some of the Document Requests were set forth in a letter dated July 21, 2010.  In that letter, Ms. Gray requested "[a]ny and all information, correspondence, emails, phone messages from Dr. Weiss to individual members of the Board regarding my client form [sic] the start of her employ with the school District until the present."  (Pl.'s Am. Answer to Def.'s Mot. Sanctions Ex. D, at 2).  Mr. Riba timely responded.  (Def.'s Mot. Sanctions Ex. B, at 8).  It is this response that Plaintiff later, and unilaterally, determined to be deficient.

Thereafter, on August 16, 2010, Ms. Gray deposed Ms. Rachel Dombrowski, who served as the District's Director of Technology.  Because of her position, Ms. Dombrowski had access to all documents that are stored on the District's computer systems, even archived documents.  During the deposition, it became evident that Ms. Dombrowski is no fan of Dr. Weiss.  Ms. Dombrowski testified to her negative opinion of Dr. Weiss, calling her "racist." (Def.'s Mot. ¶ 3).

At some point in time after Ms. Dombrowski's deposition, Ms. Gray determined that "[t]he information given to Plaintiff by Defendant [in response to the Request for Production of Documents] did not add up." (Pl's Br. in Resp. to Def.'s Mot. Sanctions 8). Thus, on August 24, 2010, Ms. Gray served a subpoena duces tecum on Ms. Dombrowski, requesting "any and all emails from the email archives of Dr. Mary T. Weiss' Governor Mifflin email box regarding emails to and from the school board, the music program issue and any other emails regarding Andrea Coleman-Hill." (Def.'s Mot. Ex. A, at 4).

The subpoena served was improper and/or deficient, in multiple respects. First, the subpoena was directed to an employee of the District, and sought production of the District's documents. The Federal Rules of Civil Procedure direct that an opposing party's documents should be obtained through a properly served Request for Production of Documents, served on counsel of record for the party.

Second, although the subpoena ostensibly was served to address the presumed withholding of documents that Plaintiff "knew" to exist, it went further than the Request for Production of Documents. The Request sought communications between the Board and Dr. Weiss relating to Ms. Coleman-Hill. The Dombrowski subpoena goes further, and seeks email communications "regarding emails to and from the school board [and] the music program issue." (Def.'s Mot. Ex. A, at 4).

Finally, Ms. Gray failed to properly fill out the subpoena by neglecting to specify a date and time for the production of the requested documents, and merely wrote "See Attached" on the form. (Def.'s Mot. Ex. A, at 2). In a letter accompanying the subpoena, Ms. Gray asked for production "at [Ms. Dombrowski's] earliest convenience." (Def.'s Mot. Ex. A, at 1). According

to Ms. Gray, she served the subpoena on Ms. Dombrowski and on Mr. Riba, simultaneously, via first class mail. Thus, Mr. Riba did not get prior notice of the subpoena, and thus had no opportunity to lodge objections. By the time Mr. Riba objected to the subpoena on August 27, 2010 (Def.'s Mot. Ex. D), Ms. Dombrowski had already provided voluminous documents to Ms. Gray, including at least three attorney-client privileged documents.[2]

On September 8, 2010, the District filed the instant motion for sanctions for Ms. Gray's inappropriate use of a subpoena. Defendant seeks sanctions as follows: exclusion of the documents provided by Ms. Dombrowski directly to Ms. Gray; admonishment of Ms. Gray to comply with the Federal Rules of Civil Procedure; an affidavit by Ms. Gray that all documents provided by Ms. Dombrowski have been furnished to defense counsel; and payment of defense counsel fees associated with the instant motion.

At oral argument, Ms. Gray conceded that a motion to compel was appropriate for addressing the District's perceived failure to comply with her Requests for Production of Documents. Nevertheless, Ms. Gray did not file a motion to compel, asserting that she presumed that the District would continue to be non-compliant with its discovery obligations. Most disturbingly, Ms. Gray stated that she presumed that this Court was without the power and/or the inclination to compel the District's compliance.[3]

---

[2] There is a dispute regarding how many documents Ms. Dombrowski provided to Ms. Gray. When Mr. Riba asked Ms. Gray to forward all of the documents that Ms. Dombrowski provided, Ms. Gray furnished 182 pages. (Def.'s Mot. ¶ 14). However, when Mr. Riba asked Ms. Dombrowski to forward all of the documents that she provided, Ms. Dombrowski sent 284 pages. (Def.'s Mot. ¶ 17).

[3] Ms. Gray claims to have personal knowledge that the District engages in spoliation of evidence. Ms. Gray provided no evidentiary support for this accusation, and only brought it to the Court's attention in attempting to justify her own misconduct

## II. LEGAL STANDARDS

### A. Proper Use of Subpoena Power.

Under Federal Rule of Civil Procedure 45, a party may obtain documents from a non-party through a subpoena duces tecum. In addition to other information, the subpoena must set forth "a specified time and place" for the production of documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). Further, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things . . . then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1).

A party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation. *Id.*; *Spencer v. Steinman*, 179 F.R.D. 484, 487 (E.D. Pa. 1998), *order vacated in part*, No. 96-1792, 1999 WL 33957391 (E.D. Pa. Feb. 26, 1999). The term "prior notice" means notice prior to service of the subpoena on the non-party, rather than prior to document production. *McCurdy v. Wedgewood Capital Mgmt. Co.*, No. 97-4304, 1998 WL 964185, at *6 (E.D. Pa. Nov. 16, 1998) (citing *Biocore Med. Technologies, Inc. v. Khosrowshahi,* 181 F.R.D. 660, 666 (D. Kan. 1998)). The purpose of prior notice is to afford other parties an opportunity to object to the production or inspection and to obtain the materials at the same time as the party who served the subpoena. *McCurdy*, 1998 WL 964185, at *6 (citing Fed. R. Civ. P. 45, Notes of Advisory Committee on 1991 Amendments, and *Seewald v. IIS Intelligent Information Sys., Ltd.*, No. 93-4252, 1996 WL 612497, at *4 (E.D.N.Y. Oct. 16, 1996)).

As compared to other discovery tools, subpoenas present unique issues, because they invoke the Court's power:

> The risks attached to the misuse of the subpoena power are great. Under this delegation, an attorney is licensed to access, through a non-party with no interest to object, the most personal and sensitive information about a party. By failing to receive prior notice of the information sought from the non-party, a party is deprived of its greatest safeguard under the Rule, i.e., the ability to object to the release of the information prior to its disclosure. Therefore, the loss of the opportunity to object prior to the release of the information caused injury to [the defendant]. Moreover, misuse of the subpoena power is not limited to the harm it inflicts upon the parties, it also compromises the integrity of the court's process. When the power is misused, public confidence in the integrity of the judicial process is eroded. Therefore, the failure to provide prior notice to [the defendant] of the subpoenas cause[s] injury to the public.

*McCurdy*, 1998 WL 964185, at *7 (citing *Spencer*, 179 F.R.D. at 489).

### B. Enforcing Compliance with Rules of Civil Procedure.

"It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." *Guinan v. A.I. duPont Hosp. for Children*, No. 08-228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008) (quoting *Marroquin-Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir. 1983)). Courts have the inherent authority to ensure that parties abide by the Federal Rules of Civil Procedure, protect the integrity of the judicial system, and prevent abuse of the judicial process. *Mid-Atlantic Constructors Inc. v. Stone & Webster Constr., Inc.*, 231 F.R.D. 465, 467 (E.D. Pa. 2005) (quoting *Spencer*, 1999 WL 33957391, at *4). Through the ability to sanction, courts may "impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Spencer*, 179 F.R.D. at 487 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

"Sanctions must, of course, be proportionate to the violation." *Mid-Atlantic Constructors*, 231 F.R.D. at 467 (holding that admonishment of counsel and the payment of

6

attorney's fees for an intentional, bad faith violation of the subpoena power was proportionate). In determining which sanctions are appropriate, courts consider the resulting prejudice, the need for deterrence, and the furtherance of policy objectives. *Id.*

Many sanctions (e.g. admonishment and compelling a party to file an affidavit) are liberally ordered by the court. Where a party's conduct goes beyond a "mere violation" of a discovery obligation, courts can impose additional, more severe sanctions. For instance, courts may impose attorney's fees as a sanction if the party acted "in bad faith, vexatiously, wantonly or for oppressive reasons." *Spencer*, 1999 WL 33957391, at *1-2 (quoting *Chambers*, 501 U.S. at 45-46).

"[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Quinn v. Consol. Freightways Corp. of Del.*, 283 F.3d 572, 576 (3d Cir. 2002) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894 (3d Cir. 1977)).

In employment cases such as this one, exclusion of critical evidence is viewed as an even more extreme sanction. Both the Supreme Court and the Third Circuit have observed that plaintiffs face "proof problems" in employment discrimination cases. *See U. S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983) (acknowledging that "[a]ll courts have recognized that the question facing triers of fact in discrimination cases is both sensitive and difficult . . . [and that] [t]here will seldom be eyewitness testimony as to the employer's mental processes" which the plaintiff can use to show discriminatory conduct); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 638 (3d Cir.1993) (acknowledging that there is seldom

7

direct "smoking gun" evidence of discrimination). This has prompted a "judicial inhospitability to blanket evidentiary exclusions in discrimination cases," in this and other circuits. *Quinn*, 283 F.3d at 578 (citing *Glass v. Phila. Elec. Co.*, 34 F.3d 188, 195 (3d Cir. 1994)).

> In considering whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties, we must consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (quoting *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)). Courts should also consider the importance of the excluded evidence in making its decision. *Quinn*, 283 F.3d at 577.

### III.     DISCUSSION

#### A.     Ms. Gray's Misconduct

Ms. Gray failed to properly notify the District of her intent to serve the subpoena. The subpoena was served contemporaneously on Ms. Dombrowski and Mr. Riba, thus making it impossible to timely object before admittedly privileged documents were furnished.

Moreover, Ms. Gray mishandled discovery by not completely filling out the subpoena to Ms. Dombrowski. Ms. Gray failed to specify a time and place for production, and instead sought production "at your earliest convenience." The Court is troubled by Ms. Gray's admission that this violation of Rule 45 apparently was not a one-time mistake; rather, Ms. Gray readily

admitted that she routinely fills out all subpoenas in this manner.[4] An attorney's lack of knowledge regarding the proper use of a common discovery device certainly does not excuse non-compliance with the rules.

Further complicating matters is that Ms. Dombrowski apparently did not keep a record of precisely what documents were provided to Ms. Gray. As noted, Ms. Gray represents that she received 182 pages of documents from Ms. Dombrowski on August 31, 2010. Thereafter, Ms. Dombrowski endeavored to "re-create" her search at Mr. Riba's request, and provided Mr. Riba with 284 pages of documents on September 2, 2010.

During oral argument, Ms. Gray argued that proceeding in this fashion was justified because she needed to build her case, and because she had already requested the documents at issue via prior requests for production.[5] Ms. Gray also admitted that she did not think that filing a motion to compel against the District would help, presuming that the Court could not (or would not) address the situation. There is simply no excuse for engaging in self-help and flouting the Federal Rules of Civil Procedure to obtain discovery. There is no basis for Plaintiff's supposition that this Court is without the will or the power to rectify any gamesmanship on Defendant's part.

---

[4] Ms. Gray filled out a subpoena to another witness in this case, Mr. Jim Watts, in the same manner. (Def.'s Mot. Ex. C).

[5] As previously noted, the Court is unconvinced by this argument. Comparing Plaintiff's July 21 Request for documents to Ms. Dombrowski's subpoena, a clear difference regarding the extent of requested discovery emerges. The July 21 Request sought information "from Dr. Weiss to individual members of the Board." (Pl.'s Am. Answer Ex. D, at 2). However, the subpoena asked for Dr. Weiss's email archives that were "to and from the school board, the music program issue and any other emails regarding Andrea Coleman-Hill." (Def.'s Mot. Ex. A, at 4).

Moreover, Ms. Gray's misconduct is even more egregious because she invoked – and misused – subpoena power. As noted above, subpoenas represent the delegation of authority to attorneys. The abuse of subpoena power is most dangerous because it threatens to erode public confidence in the judicial system. Attorneys must understand the high degree of trust that is imposed upon them, and must conduct themselves with the utmost care when using the Court's subpoena power. *McCurdy*, 1998 WL 964185, at *7 (citing *Spencer*, 179 F.R.D. at 489).

B. **Appropriate Sanctions**

As noted above, Defendant asks the Court to impose various sanctions on Plaintiff: exclusion of the documents provided by Ms. Dombrowski directly to Ms. Gray; admonishment of Ms. Gray to comply with the Federal Rules of Civil Procedure; an affidavit by Ms. Gray that all documents provided by Ms. Dombrowski have been furnished to defense counsel; and payment of defense counsel fees associated with the instant motion.

1. **Preclusion**

The Third Circuit has articulated a test that must be applied in determining whether preclusion of evidence is an appropriate discovery sanction. The Third Circuit made it clear that preclusion of evidence is an extreme sanction, even more so in the context of Title VII employment cases. I am, of course, constrained to follow this precedent.

Ms. Gray obtained admittedly privileged documents because of her violations of the subpoena rule. Obviously, Ms. Gray shall be precluded from using any privileged or protected documents at trial. Ms. Gray shall immediately return all copies of all such documents to Mr. Riba.

Concerning the non-privileged documents gained through improper means, applying the

Third Circuit's test, I must consider: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

The fourth factor is satisfied in the present case, as a seasoned lawyer such as Ms. Gray cannot plausibly maintain that she is unaware of the proper use of discovery tools. Surely, Ms. Gray understands that court process must be used in a fashion that preserves the integrity of court process. Ms. Gray has offered no basis for her lack of faith that this Court could have – and would have – addressed any discovery violations on Defendant's part.

As to the first three factors, the record as developed to date does not support a conclusion that Defendant has been prejudiced, or that any such prejudice cannot be cured. Similarly, there is no basis for concluding that Ms. Gray's conduct has disrupted the orderly and efficient trial of this case. However, there still is some confusion as to exactly what documents were improperly provided to Ms. Gray by Ms. Dombrowski (the remedy to address this situation is discussed in the next section).

With the exception of the privileged documents previously identified, Defendant's request for blanket preclusion of all documents obtained from Ms. Dombrowski must be denied, but is denied without prejudice. Should additional information develop that suggests that Defendant has suffered incurable prejudice, or that the misuse of the subpoena has derailed the orderly resolution of this case in some specific fashion, Defendant may renew its motion to preclude any specific documents on this basis.

11

### 2. Bates Stamping Documents and Preparing an Affidavit

As noted, Ms. Gray's conduct has created unnecessary confusion, because Ms. Dombrowski produced two different sets of documents to Ms. Gray and Mr. Riba. Ms. Gray is hereby ordered to Bates stamp the documents received from Ms. Dombrowski and provide a copy of the Bates stamped documents to the District. Ms. Gray shall prepare an affidavit setting forth the Bates ranges of the documents, and shall attest that the documents so identified are a complete set of all documents produced by Ms. Dombrowski. Ms. Gray shall also attest that all privileged documents (including copies thereof) have been returned to the District.

The Bates stamped documents and the affidavit shall be provided within seven days of this Order.

### 3. Attorney's Fees

A court may award fees and costs where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 181 (3d Cir.2002) (citing *Chambers*, 510 U.S. at 45-46). Ms. Gray knew the proper method for acquiring the desired discovery was through requests for production. Ms. Gray admits that she knew that a motion to compel was the proper channel for remedying any perceived deficiency in the District's document production. She nevertheless used improper channels to gain information that had not been requested via proper discovery, and did so without providing proper notice to the District.

Under these circumstances, I easily conclude that Ms. Gray acted in bad faith, and oppressively. *Spencer*, 1999 WL 33957391, at *1-2 (quoting *Chambers*, 501 U.S. at 45-46). Ms. Gray forced the District to file a motion to alert the Court to the misuse and abuse of subpoena

power, and to prevent such conduct in the future. Defense counsel was required to do some investigation to learn what had happened, and to try to do "damage control." Defense counsel prepared and filed a motion, and appeared for oral argument on that motion. All of these activities cost the District counsel fees, and all due solely to Ms. Gray's abuse of subpoena power.

In addition, Ms. Gray admitted that she routinely fills out subpoenas incompletely/ inappropriately. An award of monetary sanctions will hopefully deter Ms. Gray from doing so in the future. Therefore, the imposition of attorney's fees is appropriate. Defendant's counsel is instructed to submit a fee petition, setting forth an itemization of attorneys fees incurred in addressing Ms. Gray's discovery violation. Plaintiff's counsel, Robin J. Gray, Esq., shall pay a reasonable amount of attorney's fees, costs, and expenses that were incurred in filing this motion.

**4. Admonishment.**

The Court's dismay with the current situation is amply expressed above, and so will not be further repeated here. Ms. Gray is specifically admonished to refrain from utilizing subpoenas to obtain documents from her adversary. Ms. Gray is specifically admonished to serve copies of any subpoenas on her adversary, before serving same on third parties, so that her adversaries have the opportunity to lodge objections. Ms. Gray is specifically admonished to fill out subpoenas fully and appropriately, so that the responding party and opposing counsel are both informed as to the appropriate time and manner of responding to same.

Finally, Ms. Gray is specifically admonished to refrain from self-help tactics to cure perceived deficiencies in her adversary's discovery responses. Ms. Gray is reminded that this Court can, and will, enforce the Rules of Civil Procedure.

## IV. CONCLUSION

      For the foregoing reasons, Defendant Governor Mifflin School District's Motion for Sanctions is **GRANTED IN PART** and **DENIED IN PART**.

      An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE