IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREA COLEMAN-HILL,** : | | **CIVIL ACTION** |
| Plaintiff, : | | |
| v. : | | No.: **09-cv-5525** |
| : | | |
| **GOVERNOR MIFFLIN SCHOOL** : | | |
| **DISTRICT,** : | | |
| Defendant. : | | |

**MEMORANDUM & ORDER**

**LYNNE A. SITARSKI**  December 7, 2010
**UNITED STATES MAGISTRATE JUDGE**

  Presently before the Court is Defendant Governor Mifflin School District's Petition for Fees, Costs, and Expenses (Doc. No. 25), and Plaintiff Andrea Coleman-Hill's response thereto (Doc. No. 27).[1] As more fully set forth herein, Defendant's Petition is **GRANTED IN PART** and **DENIED IN PART**. Attorney's fees are awarded in the amount of $4,539.00.

**I. FACTS**

  The underlying action involves alleged racial discrimination against Plaintiff Andrea Coleman-Hill ("Plaintiff") by her employer, Defendant Governor Mifflin School District ("the District"). Plaintiff alleges that the District's superintendent, Dr. Mary T. Weiss, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, by mistreating Plaintiff on account of her race.

  In the course of discovery, Plaintiff's counsel, Ms. Robin J. Gray, served a subpoena

---

[1] The motion for sanctions (Doc. No. 15) was referred to me for disposition by Judge C. Darnell Jones by Order dated September 17, 2010 (Doc. No. 18).

upon a District employee, Ms. Rachel Dombrowski, who produced privileged documents in response thereto, as detailed in the Court's November 4, 2010 Memorandum and Order (Doc. Nos. 23 & 24). Upon the District's Motion for Sanctions and after conducting oral argument, the Court granted in part and denied in part said motion. Pursuant to the Order, the District filed a fee petition itemizing the relevant attorney's fees on November 10, 2010, to which Ms. Gray responded on November 19, 2010.

## II. LEGAL STANDARDS

The starting point for determining the amount of attorney's fees is the lodestar, calculated by multiplying an attorney's billable rate by the number of hours expended. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Although a court may adjust the award, the lodestar is "presumptively correct." *Gonzalez v. Bustleton Servs., Inc.*, No. 08-4703, 2010 WL 3282623, at *1 (E.D. Pa. Aug. 18, 2010) (Hey, J.) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990)). The party seeking attorney's fees "bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org.*, 426 F.3d at 703 n.5 (citing *Rode*, 892 F.2d at 1183). This party must submit evidence supporting the hours worked and rates claimed. *Id.* "A request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.'" *United Auto. Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007) (quoting *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001)). The moving party provides sufficient evidence if the district

2

court is able "to determine whether the costs claimed were unreasonable for the work performed." *See id.* (citing *Washington v. Phila. County Ct. Com. Pl.*, 89 F.3d 1031, 1037 (3d Cir. 1996)).

Thereafter, the opposing party may object to the fee petition "with sufficient specificity." *Interfaith Cmty. Org.*, 426 F.3d at 703 n.5. General objections that do not challenge a specific aspect of the petition or lack grounds for the objection are insufficient. *See id.* at 713 (quoting *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989)).

> [T]he adverse party's submissions cannot merely allege in general terms that the time spent was excessive. In order to be sufficient, the briefs or answers challenging the fee request must be clear in two respects. First, they must generally identify the type of work being challenged, and second, they must specifically state the adverse party's grounds for contending that the hours claimed in that area are unreasonable. The briefs must be specific and clear enough that the fee applicants have a fair chance to respond and defend their request.

*Id.* After the non-moving party objects, the moving party must "demonstrate to the satisfaction of the court that its fee request is reasonable," because the moving party bears the ultimate burden. *Id.*

Overall, the court enjoys "'a positive and affirmative function in the fee fixing process, not merely a passive role.'" *Id.* at 713 (quoting *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001)). If the non-moving party objects, the court has "'a great deal of discretion to adjust the fee award in light of those objections.'" *Gonzalez*, 2010 WL 3282623, at *1 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). However, "[a] court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party." *Interfaith Cmty. Org.*, 426 F.3d at 711 (citing *Bell*, 884 F.2d at 719).

## III. DISCUSSION

The instant fee petition requested the lodestar of $5,219.00, as Mr. Riba expended 30.7 hours at a billable rate of $170 per hour. In response to the District's fee petition, Ms. Gray objected to the petition's reasonableness and alleged lack of itemization. However, Ms. Gray did not object to Mr. Riba's billable rate ($170 per hour); therefore, the Court will not reduce the award by this variable.

Ms. Gray first argued that Mr. Riba's failure to produce actual time slips was an inadequate itemization. Plaintiff alleged that "[i]t is difficult for Plaintiff's counsel to object to the any [sic] specific hours when the hours spent on the pleadings were not produced." (Pl.'s Resp. to Def.'s Br. Supp. Its Pet. Fees, Costs, & Expenses 2). A fee petition, however, contains sufficient evidentiary support if the court can determine whether the costs claimed were unreasonable for the work performed. *United Auto. Workers*, 501 F.3d at 291. In the present case, Mr. Riba provided a chart that details the work performed, including the date of the task, a description of the services, which attorney performed the work, how many hours were expended to the tenth of the hour, and the service's cost. (Def.'s Pet. Fees, Costs & Expenses ¶ 4). Moreover, Mr. Riba certified the information contained in the spreadsheet by attaching a Certification to the fee petition. (Def.'s Pet. Ex. A). By analyzing this chart, the Court has adequate information to determine whether Mr. Riba's request is unreasonable. Thus, Ms. Gray's objection that Mr. Riba inadequately itemized the attorney's fees is without merit.

Ms. Gray also argued that 30.7 hours was excessive "to prepare the motion and fee petition and for travel." (Pl.'s Resp. 2). I will address these objections individually. First, Ms. Gray argues that billing 5.5 hours for attending the oral argument and travel from Bucks County

to Philadelphia[2] is excessive. Ms. Gray alleges that the oral argument lasted one hour, and the travel only takes one hour each way. This argument overlooks the fact that many other variables affect travel time, including traffic, parking, and courthouse security. Further, attorneys are expected to be punctual when appearing in court, and customarily allow extra travel time to account for such variables. Therefore, Ms. Gray's vague assertion about the average travel time between Philadelphia and Bucks County and the duration of the hearing is not persuasive enough to warrant a reduction.

Second, Ms. Gray asserts that the motion for sanctions and brief was not complex and "Defense counsel has a paralegal who prepares most of the pleadings, at a reduced rate." (Pl.'s Resp. 2). The Court again disagrees. According to Mr. Riba's certification and chart, he personally researched, drafted, and revised the motion and brief after discovering Ms. Gray's misconduct. Mr. Riba certifies that he spent 12.5 hours completing these tasks, which is justified because the submission totals thirty-four pages, contains many facts (including attachments in support), and presents legal arguments with appropriate case citations. Ms. Gray's bald allegation that Mr. Riba's paralegal handles these matters is unpersuasive. Further, even if the issues are not complex, Mr. Riba still had to research and provide legal support for his arguments. Therefore, expending 12.5 hours to complete a motion and brief is not excessive.

Finally, Ms. Gray argued that expending six hours in researching, drafting, and revising the fee petition was excessive. I agree with Plaintiff. The fee petition only needed to demonstrate whether the hours claimed were reasonable for the work performed. *See United*

---

[2] The Court will assume that Ms. Gray was referring to the distance between Mr. Riba's office in New Britain, Pennsylvania and the federal courthouse in Philadelphia.

*Auto. Workers*, 501 F.3d at 291 (citing *Washington*, 89 F.3d at 1037). The chart provided by Mr. Riba, and a simple motion, would have sufficed to satisfy this burden. A reasonable attorney would have spent approximately two hours preparing a simple motion with supporting documentation. Any further time is excessive, unnecessary, and/or redundant.

Therefore, the Court reduces the time spent completing the fee petition from six hours to two hours.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Governor Mifflin School District's Petition for Fees, Costs, and Expenses is **GRANTED IN PART** and **DENIED IN PART**. Attorney's fees are awarded in the amount of $4,539.00.

An appropriate Order follows.

BY THE COURT:


 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE